IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GLENN KEITH ANDRASKO,

    Petitioner,

v.                                                    Civ. No. 14-cv-158 WJ/RHS

JOE GARCIA, Warden,

    Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court upon Petitioner Glenn Keith Andrasko's Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241 ("Petition"), filed February 14, 2014 (Doc. 1). Respondent filed an Answer to the Petition and moved for dismissal of Petitioner's claim on May 1, 2014 (Doc. 8). Petitioner has not filed a Reply or responded to Defendant's motion to dismiss and the time for doing so has passed. The Court, having considered the parties' submissions, relevant law and the record in this case, recommends for the reasons set forth below, that Petitioner's Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241 be denied and that this case be dismissed.

**FACTS AND PROCEDURAL HISTORY**

Currently, Petitioner is in the lawful custody of Respondent Joe Garcia (Doc. 8 at 2). On August 10, 2007, Petitioner pled guilty to two counts of third-degree forgery and one count of fourth-degree forgery in State of New Mexico v. Glenn Keith Andresko, Cause No. D-307-CR-200600402 (Doc. 8-1 at 7-14). Petitioner was sentenced to a total term of imprisonment of seven (7) years and six (6) months, to be followed by a two (2) year term of parole of which the state district court suspended six (6) years, six (6) months and ninety-one (91) days. Id. Due to Petitioner's pre-sentence confinement, he was placed on supervised probation upon entry of the judgment (Doc. 8-1 at 1-6). A Petition to Revoke Probation was filed November 21, 2008,

alleging that Petitioner absconded from supervision on October 21, 2008 (Doc. 8-2 at 1). Petitioner was arrested in El Paso, Texas on November 2, 2008, and was charged with battery against a household member. Id. Petitioner was convicted in El Paso County Court on November 12, 2008, for assault causing bodily injury, and on April 8, 2009, for theft of property in an amount less than $50.00 (See 8-3 at 3-5). On September 11, 2009, the New Mexico state district court revoked Petitioner's probation and sentenced him to a total term of imprisonment of ten (10) years and six (6) months, followed by a two (2) year term of parole (Doc. 8-4 at 2-6). The district court applied a partial suspension and confinement credits resulting in an actual term of incarceration of twenty-six (26) months, followed by a two (2) year term of parole (Doc. 8-4 at 3). On March 31, 2011, a second Petition to Revoke Probation was filed charging Petitioner with absconding from supervision as of December 15, 2010 (Doc. 8-4 at 10-16). Meanwhile, Petitioner was arrested, charged, and convicted of criminal charges in the State of Texas which resulted in Petitioner's incarceration in Texas from approximately February 18, 2011 through February 26, 2013 (Doc. 8-4 at 40-49). Petitioner entered into two Plea Agreements with the State of Texas on July 13, 2011 (Doc. 8-4 at 46, 56). There were two Judgments of Conviction By Court- Waiver of Jury Trial (Doc. 8-4 at 48, 58) which specified that Petitioner's sentences "shall run concurrently with [each other] and a felony parole hold from New Mexico" (Docs. 8-4 at 48, 58).

After completion of his sentence in Texas, Petitioner was returned to the State of New Mexico and on May 23, 2013, was sentenced to a total term of imprisonment of ten (10) years and six (6) months, no suspension of sentence and an award of confinement credit in the total amount of five (5) years and seventy-one (71) days (Doc. 8-4 at 20-23). Petitioner filed a Motion to Amend Judgment and Sentence on June 20, 2013, seeking an award of confinement

credit for his confinement in Texas (Doc. 8-4 at 25).  The state district court denied Petitioner's Motion to Amend Judgment and Sentence on June 21, 2013, and advised Petitioner of his right to petition for writ of certiorari within thirty (30) days of the denial (Doc. 8-4 at 27-28).  Petitioner re-filed the Motion to Amend Judgment on July 12, 2013, which was denied on July 24, 2013 (Doc. 8-4 at 29), and Petitioner was advised for the second time of his right to petition for writ of certiorari within thirty (30) days of the denial (Doc. 8-4 at 31-32).  Petitioner never filed a petition of writ of certiorari to the Supreme Court of New Mexico.  Instead, Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to Title 28 U.S.C. § 2241 on February 14, 2014, in federal court.

## LEGAL STANDARD AND ANALYSIS

"Habeas corpus review is available under § 2241 if one is in custody in violation of the Constitution or laws or treaties of the United States."  Parker v. Oklahoma Dept. of Corrections, 2013 WL 5363364, *1 (W.D. Okla. 2013) (citing McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir.1997) (quoting 28 U.S.C. § 2241(c)(3))).  §2241 provides that an inmate in state custody must exhaust state court remedies.  The Petition states that Petitioner is "rais[ing] the issue of enticement by the court system . . . to plead guilty to criminal prosecution" (Doc. 1 at 1).  Defendant seeks dismissal because (1) Petitioner fails to assert a cognizable claim pursuant to 28 U.S.C. § 2241 and (2) Petitioner failed to satisfy the exhaustion requirement applicable to his claim (Doc. 8).

### I.  Petitioner's Claim Is Not Cognizable Pursuant To 28 U.S.C. § 2241.

The Petition seeks habeas corpus review of Petitioner's state court convictions arising in the State of New Mexico and the terms of the Plea Agreements entered into with the State of Texas (Doc. 1 at 1).  Petitioner contends that while on probation from a sentence in New Mexico, Texas "enticed" him to plead guilty to charges brought in the District of El Paso County in Cause

No. 20110D01393, in return for a promise that the Texas sentence would run concurrently with the sentence in State of New Mexico, County of Dona Ana, Third Judicial District Cause Number CR-2006-00401" (Doc. 1 at 2). Petitioner argues that the promise was binding and must be honored by the parties (Doc. 1 at 2).

Defendant asserts that Petitioner's claim is not cognizable because the manner in which sentences are served is a matter of state law and does not involve the denial of a constitutional right. Ballard v. Franklin, 463 Fed. Appx. 732, 735 (10th Cir. 2011). The Tenth Circuit "afford[s] wide discretion to the state trial courts sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Defendant points out and Petitioner readily admits in his Petition that "he does not challenge the validity of the conviction, but raise[s] the issue of enticement (Doc. 1 at 1). Petitioner is actually contesting the state district court's refusal to credit the two years Petitioner served while incarcerated in Texas to the judgment resulting from Petitioner's probation revocation. This decision is thoroughly explained in the two Orders entered by the New Mexico state district court denying Petitioner's Motions to Amend Judgment and Sentence (Doc. 8-4 at 27-28, 31-32). This Court will not review the judgment of the state court absent evidence that the sentence imposed is outside the statutory limits or unauthorized by law. Dennis v. Poppel, 222 F.3d at 1258. Petitioner makes no such assertion nor does he provide any evidence in support of such a finding. The Court concludes that Petitioner is not entitled to any relief on his claim because it is not a cognizable federal claim and therefore, recommends dismissal of the Petition.

## II. Plaintiff Failed to Comply With the Exhaustion Requirement

Even if Petitioner's claim was cognizable, Petitioner would not be entitled to any relief because he failed to comply with the exhaustion requirement. A habeas petitioner is generally required to exhaust state remedies whether his action is brought under §2241 or 2254. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). Petitioner failed to exhaust the available state remedies, timely or otherwise.

As stated above, Petitioner filed two Motions to Amend Judgment and Sentence (Doc. 8-4 at 25, 29) in the state district court seeking reconsideration of the court's refusal to award two years credit for time served in Texas. Petitioner failed to seek the requisite discretionary review by the New Mexico Supreme Court following the denial of his Motions. Although the district court twice advised Petitioner of his entitlement to file writs of certiorari within thirty (30) days of the court's decisions, Petitioner failed to do so. As such Petitioner's claim is now procedurally defaulted for the purpose of federal habeas review. Watson v. State of NM, 45 F.3d 385, 388 (10th Cir. 1995) (citing Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir. 1993) (where the court found that failure to timely seek state supreme court review constitutes failure to exhaust available state court remedies and as such claims are procedurally defaulted for purposes of federal habeas review). The Court concludes that Petitioner's claim, being procedurally defaulted, is barred and the Petition should be dismissed.

## RECOMMENDED DISPOSITION

The Court concludes that Petitioner is not entitled to any relief with respect to the claim raised in his § 2241 Motion. Therefore, the Court recommends that Petitioner's Petition (Doc. 1) be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

                                                  *Robert Hayes Scott*
                                                  ROBERT HAYES SCOTT
                                                  UNITED STATES MAGISTRATE JUDGE